UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARIAN COX,

      Plaintiff,

                               Case No. 2:25-cv-1230

      v.

CUPERTINO ELECTRIC, INC.,        JUDGE DOUGLAS R. COLE
                               Magistrate Judge Jolson

      Defendant.

## OPINION AND ORDER

In response to alleged deficiencies identified in Defendant Cupertino Electric, Inc.'s Motion to Dismiss (Doc. 18), Plaintiff Darian Cox filed an Amended Complaint (Doc. 20), expanding upon his factual allegations. The Court then denied Cupertino's motion as moot, while allowing Cupertino to refile the motion as against the Amended Complaint if it wished to do so. (3/9/26 Not. Order). But Cupertino noted a wrinkle that escaped the Court's attention. The deadline for leave to amend under the Calendar Order had passed, and Cox had failed to request leave to amend as Federal Rule of Civil Procedure 16 requires in that setting. (Doc. 21). So Cupertino now moves to strike the Amended Complaint on those grounds and to reinstate its motion. (*Id.*). For the reasons discussed below, however, the Court **DENIES** Cupertino's motion.

## BACKGROUND

Cox formerly worked for Cupertino as a Safety Coordinator. (Compl., Doc. 1, #2). He was the only African-American employee on the safety team. (*Id.*). He alleges that, starting in August 2024, his supervisor, Randy Hamilton, made several comments that Cox "should not be there," that it was "unfair" Cox was on the team,

and further alleges that Hamilton used the "n-word" in conversation. (*Id.* at #2–3). Compounding the problem, while other managers and employees heard these comments, they did not take any action. (*Id.* at #3). Several months later, "there was a noose and racial slurs graffitied on a wall at the job site." (*Id.*). But when Cox reported this to Hamilton, he downplayed Cox's concerns. (*Id.*).

By December 2024, Hamilton's behavior towards Cox "grew more aggressive and hostile." (*Id.* at #4). On December 8, Hamilton searched Cox's belongings when Cox was otherwise occupied. (*Id.*). And on December 12, Cupertino fired Cox. (*Id.*).

Cox believes he was terminated due to his race, observing, for example, that Cupertino did not follow its progressive disciplinary policy before firing him. (*Id.* at #5). So Cox submitted a complaint to the Equal Employment Opportunity Commission (EEOC), and on August 29, 2025, the EEOC issued a Notice of Right to Sue letter to him. (*Id.* at #2; Doc. 3 (notice)).

Following that letter, on October 22, 2025, Cox sued Cupertino. (Doc. 1). In the original Complaint, Cox asserted three claims of race discrimination under (1) 42 U.S.C. § 2000e-2(a), (2) analogous Ohio law, and (3) 42 U.S.C. § 1981. (*Id.* at #6–8). The following day, Cox duly requested a summons, which the Clerk issued. (Doc. 2). And Cupertino was served on November 10, 2025. (Doc. 5).

Before Cupertino had even answered or otherwise responded, though, the parties filed a Rule 26(f) report. (Doc. 9). The Magistrate Judge then issued a scheduling order. (Doc. 16). That scheduling order set a deadline of January 27, 2026, for motions to amend. (*Id.*).

But Cupertino had previously obtained an extension of its time to move or plead until February 11, 2026. (1/9/26 Not. Order). And on that day, Cupertino moved to dismiss Cox's Complaint because it "is replete with conclusory allegations" and otherwise fails to allege sufficient facts to support his claims. (Doc. 18, #62). Specifically, Cupertino contends that (1) Cox's allegations are not sufficient to support a race discrimination claim because they are "unrelated occurrences and attenuated remarks," (2) he does not allege that Cupertino is a covered employer under Title VII or Ohio law, (3) he does not allege whether he exhausted his administrative remedies, and (4) he did not make the same allegations to the EEOC to allow it to fully investigate the claims he now pursues here. (*Id.* at #64–69). On top of that, Cupertino takes issue with Cox's requested forms of relief. (*Id.* at #69–71). Beyond attacking the Complaint, Cupertino also argues that it had just cause to fire Cox: he brought a gun to work. (*Id.* at #62).

Cox attempted to remedy the identified pleading deficiencies (but not to address the firearm allegation) by filing an Amended Complaint on March 4, 2026. (Doc. 20). Because Rule 15 allows a party to amend its pleading once as a matter of course within twenty-one days after a Rule 12(b) motion, a timeline that Cox's Amended Complaint met, the Court originally viewed it as timely. Thus, it denied Cupertino's motion to dismiss as moot, but allowed Cupertino an opportunity to refile the motion as against the new complaint if it wished to do so. (3/9/26 Not. Order).

Cupertino, however, pursued a different course. The following day, it moved to strike the Amended Complaint. (Doc. 21). Its primary argument is that the

scheduling order set January 27, 2026, as the date on which motions to amend were due, and that this in turn means that Rule 16 required Cox to request leave to file his out-of-time Amended Complaint. (*Id.* at #99–101). Moreover, Cupertino claims that it had informed Cox of the alleged deficiencies by January 8, 2026, within the time to amend, but that Cox had declined to amend his Complaint at that point. (*Id.* at #100). Instead, he waited until after Cupertino "expended considerable time, effort, and resources" filing its motion. (*Id.* at #98).

Cox responded, arguing that he meets the good cause standard under Rule 16. (Doc. 23). While he did not believe full amendment was necessary based on the parties' earlier correspondence, he argues he acted diligently in amending his complaint in response to the deficiencies outlined in the motion to dismiss. (*Id.* at #145–47). Additionally, he contests whether Cupertino suffers any prejudice from this amendment, and that amendment may actually save resources rather than litigating the motion to dismiss only to amend the complaint after all. (*Id.* at #147–48). Given the Federal Rules' preference for deciding matters on the merits, Cox argues the Court should allow the Amended Complaint to stand, or at least grant "retroactive" leave to amend. (*Id.* at #145, 148–150).

Cupertino has not replied, and the time to do so has passed. Instead, Cupertino moved to stay the case pending resolution of its motion to strike, (Doc. 22), which the Court granted, (3/19/26 Not. Order).

With that, the matter is ripe for the Court's review.

4

## LAW AND ANALYSIS

Typically, amending a complaint, at least if done promptly in response to an answer or motion to dismiss, is a straightforward undertaking. Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of right either "21 days after serving it," or the earlier of "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Beyond that, other amendments to the pleadings are allowed "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). And courts are instructed to "freely give leave when justice so requires." *Id.*

But Rule 15's lenient "window of opportunity does not remain open forever." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). In particular, when the court enters a scheduling order, things change. That is because "[o]nce a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Id.* (citation omitted). Under that standard, a "plaintiff first must show good cause under Rule 16(b) for failure to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citation omitted); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). But "[a]nother important consideration for a district court deciding whether Rule 16's 'good cause'

5

standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625). And on the prejudice front, "[d]elay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay." *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000) (citation omitted). Rather, the delay must be coupled with some evidence of prejudice. *Id.* at #409–10; *Leary*, 349 F.3d at 909.

If the plaintiff satisfies Rule 16's standard, he must also demonstrate that amendment is proper under Rule 15(a). *Leary*, 349 F.3d at 909. Common reasons courts deny leave to amend are undue delay or undue prejudice to the opposing party were amendment allowed. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But "Rule 15(a) provides a liberal standard of permitting amendments to ensure the determination of claims on their merits." *Mahdy v. Mason City Sch. Dist.*, No. 1:16-cv-845, 2017 WL 25504, at *2 (S.D. Ohio Jan. 3, 2017) (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).

Here, Cupertino is correct that Cox seeks to amend outside the timeframe that the scheduling order provides. To do so, then, Cox must meet both the strictures of Rule 16 and Rule 15. The Court concludes that he does.

### A.     Rule 16

The Court begins with the Rule 16 analysis. Cupertino argues that Cox did not move for leave to amend and so has not demonstrated good cause under Rule 16. (Doc. 21, #100–01). Specifically, it claims that Cox waited two months to amend his

Complaint after Cupertino informed him of the alleged deficiencies, and he waited 36 days following the deadline to amend in the scheduling order. (*Id.*).

The Court agrees that the proper course of action would have been to seek leave to amend the Complaint, but the Court finds that the Amended Complaint can stand. Here, the deadline to move to amend was January 27, 2026, and there was no deadline for motions directed at the pleadings. (Doc. 16, #52). True, Cox did not file his Amended Complaint until March 4, 2026. (Doc. 20). But the Court finds Cox acted diligently. He filed the Amended Complaint only 21 days after Cupertino filed its Motion to Dismiss. (Doc. 18). That is within the time that Rule 15(a) provides a party to amend a pleading following service of a Rule 12(b) motion. So had a scheduling order not been entered, the Amended Complaint would have been timely filed.

On that note, the Rule 26(f) report and resulting scheduling order were filed before Cupertino responded to the Complaint in any way, including before its eventual Motion to Dismiss. It was not until a month *after* the Court entered the scheduling order and two weeks *after* the deadline to amend passed that Cupertino first moved to dismiss the Complaint. That sequence of events effectively deprived Cox of his opportunity to amend his Complaint once as a matter of right as Rule 15(a) provides. With that in mind, the Court concludes that, while Cox needs to satisfy Rule 16 before moving to Rule 15, the fact that Cox acted within the "standard" timeframe to amend following a motion to dismiss counts in his favor on the diligence inquiry.

Cupertino maintains that it informed Cox of the deficiencies by January 8, 2026, so Cox did not act diligently by waiting until after Cupertino's motion. (Doc. 21,

#100). But, while it is true that Cox declined to amend his Complaint then, he also provided opposing counsel a thorough description of why he did not believe the original Complaint was deficient. (Doc. 21-2 (e-mail chain)). Indeed, he provided that detailed response within a day of Cupertino emailing him to raise the supposed defects. (*Id.* at #110–11). He may well have thought that was the end of the matter, and that a motion to dismiss would not be forthcoming. In fact, Cox argues that the later motion to dismiss "provided [him] with a more complete understanding of Defendant's legal arguments and the specific deficiencies," so it was only then that he decided an Amended Complaint was necessary after all. (Doc. 23, #145–46). Essentially, Cox acted diligently in response to the concerns opposing counsel raised, and then acted diligently by amending when it was clear that response was not enough.

Beyond diligence, the Court must also consider prejudice. *Leary*, 349 F.3d at 909. On that front, Cupertino does not directly argue it suffers any prejudice from this amendment. In its introduction, though, it argues that it "expended considerable time, effort, and resources preparing and filing its Motion to Dismiss." (Doc. 21, #98–99). That effort would not have been necessary, it says, had Cox filed an Amended Complaint when Cupertino first notified Cox of the deficiencies. (*See id.* at #100).

The Court finds this minimal prejudice, if it is prejudice, does not outweigh allowing amendment. The parties would still be in discovery according to the scheduling order, (Doc. 16, #53), and the Court has since granted Cupertino's request to stay the case, (Doc. 22; 3/19/26 Not. Order). Overall, the case is still in its infancy.

Additionally, as Cox argues, allowing amendment could have saved time and resources. (Doc. 23, #147). Had Cox not filed an Amended Complaint, the parties would have engaged in a round of briefing on the Motion to Dismiss. Even if the Court granted that motion, it almost certainly would have allowed an opportunity to amend. So the parties would be in a similar position then to where they are now. Of course, the parties have engaged in a round of briefing on the motion to strike anyway, but that was not necessarily an inherent consequence of filing the Amended Complaint. Beyond that, Cox does not attempt to make major amendments, such as adding new parties or whole new claims. Rather, he only expands upon his factual allegations in response to the identified deficiencies. Cupertino does not suffer any prejudice as a result.

Thus, the Court finds that Cox meets Rule 16's standard.

**B.     Rule 15**

With that settled, the Court turns to Rule 15. The touchstone for the Rule 15 analysis is its "liberal standard of permitting amendments to ensure the determination of claims on their merits." *Mahdy*, 2017 WL 25504, at *2 (citing *Marks*, 830 F.2d at 69). To ascertain whether "justice … requires" amendment under Rule 15(a)(2), the Court evaluates several factors: "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citation omitted). The Court finds that none of these factors counsel against

9

amendment: the Court already evaluated delay above, the Amended Complaint was filed before discovery closed (indeed, before discovery was barely even open), and the Amended Complaint does not make substantial changes such as adding a new party or new claims. While Cupertino did not have specific notice that Cox would file the Amended Complaint, it did have notice that Cox would file a response to its motion. So the amendments cannot come as a complete surprise. Because Cox has not caused undue delay by filing the Amended Complaint, that amendment would not prejudice Cupertino, and coupled with the Court's strong preference for resolving cases on the merits, the Court exercises its discretion and finds that Rule 15(a)(2)'s liberal standard favors granting Cox leave to amend his complaint. *See Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732–33 (6th Cir. 2019) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

One final issue: this question is not before the Court on a motion for leave to amend. Rather, Cox already filed the Amended Complaint on the docket, and Cupertino moves to strike it. (Docs. 20, 21). Because the Court concludes that leave to amend is warranted here, the Court declines to strike the Amended Complaint and require Cox to refile. Rather, the Court denies the Motion to Strike (Doc. 21) and allows the Amended Complaint (Doc. 20) to stand. Cupertino shall move or otherwise plead in response to that Amended Complaint on or before May 13, 2026.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Strike the Amended Complaint (Doc. 21).

10

**SO ORDERED.**

April 29, 2026
 **DATE**

             **DOUGLAS R. COLE**
             **UNITED STATES DISTRICT JUDGE**